In the Matter of PETER J. CARROLL, an Attorney, Respondent.

First Department, March 6, 1931.

*Einar Chrystie,* for the petitioner.

*Robert P. Levis* [*David L. Shandalow* of counsel], for the respondent.

DOWLING, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York, at a term of the Supreme Court of the State of New York, Appellate Division, Third Department, in November, 1925.

The petitioner filed a petition charging respondent with misconduct as an attorney at law. Respondent appeared and answered. The matter was referred to one of the official referees, who has duly reported, and the petitioner now moves for such action as the court may deem just and proper.

The charge against the respondent, briefly, is as follows: that he converted to his own use the sum of thirty-five dollars which he retained out of money collected in behalf of a client for the purpose of paying the bill of the doctor who has rendered professional services in behalf of the client. In his answer and before the official referee the respondent frankly admitted the charge against him.

The following facts are established by the record:

Early in 1929, or prior thereto, William J. Krauer, Jr., sustained injuries in an automobile accident. Thereafter William J. Krauer, Sr., the father of the infant, retained respondent to prosecute the claim for damages, the result of the accident. The physician attending the infant suggested an examination by a neurologist. Respondent arranged that this examination be held by Dr. Michael Osnato of 12 East Sixtieth street, New York, and the examination was held on February 1, 1929. Dr. Osnato's charge was thirty-five

dollars. This charge not having been paid, in October, 1929, Dr. Osnato instituted an action against respondent in the Municipal Court of the City of New York, Borough of Manhattan, Sixth District. The action was commenced before respondent had completed negotiations for the settlement of the Krauer claims. On or about February 6, 1930, respondent settled these claims, receiving for the infant's claim two hundred and fifty dollars, and for the father's claim one hundred and fifty dollars. The court, authorizing the settlement of the infant's claim, allowed sixty-two dollars and fifty cents to respondent as his fee, and directed that the balance of one hundred and eighty-seven dollars and fifty cents be deposited with the city chamberlain. Forwarding a check to Krauer, Sr., for his share of the settlement, respondent, under date of February 6, 1930, wrote a letter in part as follows: " As I have previously agreed with you, my fee is one-fourth of that sum, or $37.50, and I am also deducting the $35 that must be paid to Dr. Osnato. I am enclosing my check for the sum of $77.50.

" Kindly endorse the insurance company check and return it to me, so that I may deposit same, by the enclosed stamped envelope.

" I have deposited the sum of $187.50 with the City Chamberlain, receipt for which is enclosed."

On February 10, 1930, judgment was rendered against respondent in the suit instituted against him by Dr. Osnato. Supplementary proceedings followed, and, later, a motion to punish respondent for contempt for failure to appear for examination. On June 3, 1930, Dr. Osnato complained to the Bar Association. On August 6, 1930, after appearing before the grievance committee of the Association of the Bar, respondent paid the Osnato judgment in full, with costs and disbursements.

In mitigation of his conduct respondent testified that his landlord had obtained a judgment against him for the January rent of his house and also for the February rent, and that he received a dispossess around the fourth or fifth of February. He was under very heavy obligations at the time, and was very, very short of money. He was doing some work for a client, preparing papers with respect to a corporation that he anticipated would mean large fees to him in the near future, so that when it became absolutely necessary to draw some of the Krauer money to pay the landlord, to avoid being dispossessed, he did so, feeling that it would be only a short time, a few days, before he would be able to draw another check to the doctor.

The official referee, in his report, states: " The evidence disclosed that the respondent is a young man, married, with a son three years old. He has a pleasant manner and his testimony

seems straightforward. He resides with his wife's parents. He seems to have been caught in financial difficulties, threatened with dispossess proceedings, and unable to pay current expenses. I am satisfied that there was no premeditated intention to convert this $35, but being faced with an emergency, in desperation, he used the money expecting to be able to repay it."

Prior to the filing of these charges respondent was employed by a reputable practicing attorney, who has appeared as his attorney herein. Since being advised of the charges against him respondent has voluntarily refrained from practicing law. Respondent is but twenty-seven years of age and, judging from his conduct following the filing of charges herein, we are inclined to believe that he realizes the seriousness of his position.

Under all the circumstances we feel this is a situation where we may fairly exercise leniency, but his conduct cannot be overlooked, and for the same he is hereby censured.

McAvoy, Martin, O'Malley and Sherman, JJ., concur.

Respondent censured.